**Freddy James WHITE, Plaintiff,**

v.

**C.O. Steven SASSI, C.O. Glenn D. Tabone, C.O. Anthony G. Toussaint, Captain J. Maly, Corrections Officers John Doe (1–6) and New York State, Defendants.**

**No. 98 CIV.2075(MGC).**

United States District Court, S.D. New York.

April 30, 2002.

### *MEMORANDUM OPINION*

CEDARBAUM, District Judge.

On September 12, 2000, I granted defendants' motion to dismiss plaintiff's complaint pursuant to 12(b)(6) with respect to all claims except his claim against defendants in their individual capacities for violation of the Eighth Amendment by inflicting cruel and unusual punishment. At the time, defendants argued that this claim should be dismissed because of plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA provides in pertinent part that:

> no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Plaintiff conceded that he had failed to exhaust his administrative remedies. I based my denial of defendants' motion with respect to this claim upon *Nussle v. Willette*, 224 F.3d 95 (2d Cir.2000), in which the Second Circuit held that "[section] 1997e(a) does not encompass particular instances of excessive force or assault." *Willette*, 224 F.3d at 100.

Recently, the United States Supreme Court decided *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Porter*, the Supreme Court held that "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 122 S.Ct. at 992. *Porter* mandates the dismissal of any claim of excessive force by a prison inmate if the inmate has failed to exhaust his administrative remedies with respect to that claim.

Accordingly, defendants' renewed motion is granted, and the complaint is dismissed.

SO ORDERED.